UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:19-cr-14-TRM-SKL-1 |
| v. ) | Case No. 1:19-cr-46-TRM-SKL-4 |
| ) | |
| KELVIN WHITE ) | |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on October 24, 2019. At the hearing, defendant moved to withdraw his not guilty plea to Count One of the one-count Indictment in Case No. 1:19-cr-14 and Count Ten of the nineteen-count Superseding Indictment in Case No. 1:19-cr-46 and entered a plea of guilty to Count One of the Indictment in Case No. 1:19-cr-14 and to the lesser included offense of the charge in Count Ten of the Superseding Indictment, that is, of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) in exchange for the undertakings made by the government in the written amended plea agreement. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the amended plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw his not guilty plea to Count One of the Indictment in Case No. 1:19-cr-14 and Count Ten of the nineteen-count Superseding Indictment in Case No. 1:19-cr-46 be granted, his plea of guilty to Count One of the Indictment in Case No. 1:19-cr-14 and to the lesser included offense of the charge in Count Ten of the

Superseding Indictment, that is, of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) be accepted, the Court adjudicate defendant guilty of the charges set forth in Count One of the Indictment in Case No. 1:19-cr-14 and of the lesser included offense of the charge in Count Ten of the Superseding Indictment, that is, of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and a decision on whether to accept the amended plea agreement [Docs. 33 & 177] be deferred until sentencing. I further **RECOMMEND** defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the amended plea agreement, and imposition of sentence are specifically reserved for the district judge.

s/         *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).